GARCO *v.* HANKS.

4-8759                                          218 S. W. 2d 378

Opinion delivered March 21, 1949.

*Augustus C. Remmel, Jr.,* for appellant.

*Y. W. Etheridge,* for appellee.

FRANK G. SMITH, J. This is a suit for damages for the alleged breach of a contract. On February 12, 1947, the plaintiff, doing business as Garco, entered into a written contract with defendant Hanks whereby the plaintiff was to construct four prefabricated log cabins at Hank's Bluff, Lake Norfork, near Mountain Home. The relevant provisions of the contract which was in writing, read as follows:

"The Contractor, in consideration of the actual cost plus 20% to be paid him by the owner as hereinafter set out, agrees to erect, build and construct for said owner, in a good and workmanlike manner according to the plans and specifications hereinafter referred to, Item 1— 4 each cabins, log, 16' x 28', Item 2—assistance, advice, and supervision, upon the following described land in Baxter County, Arkansas, to-wit: Hank's Bluff."

It was further recited that, "The contractor shall furnish, at his own expense, all labor and materials necessary and used in the construction of said buildings" conforming to the plans and specifications mentioned in the contract, and that the contractor should complete and finish the buildings "and deliver the completed project to the owner on or before the 15th day of March, 1947."

No point is made that the cabins were not constructed within the time limit, as there were delays for which the contractor was not responsible. The contract was amended and added to and a fifth cabin was contracted for. It is undisputed that the owner paid freight and hauling charges on material which Garco should have paid, and it is clearly established, if not undisputed, that the owner completed the buildings, indeed according to the testimony on the owner's behalf, the buildings were not fully completed at the time of the trial.

884

The principal question in the case is the one of fact, whether the contract had been canceled by consent. That it was is affirmed by the owner and denied by the contractor.

The jury had the right to find upon conflicting testimony that the contract had been canceled and that, if so, Garco had been paid for all work done or materials furnished, less the 20% which would have been due had the contract been performed. That there was a breach of the contract is undisputed, and the verdict of the jury reflects the finding that it had been canceled after its breach by Garco, and the judgment rendered upon this verdict in favor of the owner must be affirmed and it is so ordered.